IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-02213-DDD-SKC

SHAVKAT YAHYAEV,

    Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, MATTHEW T. ALBENCE, JOHN FABBRICATORE, CHRISTOPHER L. JONES, and JOHNNY CHOATE,

    Defendants.

## ORDER

    Petitioner Shavkat Yahyaev, an immigrant who is in the United States illegally, petitions the court for a writ of habeas corpus ordering his immediate release from the Aurora Contract Detention Facility. Mr. Yahyaev asserts that his Fifth Amendment right to due process is being violated as a result of the Detention Facility's failure to control COVID-19 in the Facility. But the court cannot grant the request because Mr. Yahyaev is challenging the conditions of his confinement, not the fact or duration of it, and conditions-of-confinement claims are not cognizable in a petition for a writ of habeas corpus.

    This court rejected identical claims in *Aguayo v. Martinez*, No. 1:20-CV-00825DDDKMT, 2020 WL 2395638, at *2 (D. Colo. May 12, 2020); *Jumaev v. Barr*, 1:20-cv-00987-DDD (May 11, 2020); and *Basri v. Barr*, No. 1:20-CV-00940-DDD, 2020 WL 5036063, at *2 (D. Colo. May 11, 2020). As explained in *Basri*, a conditions-of-confinement claim cannot

- 1 -

be asserted in a petition for writ of habeas corpus under binding Tenth Circuit precedent:

> Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement. This court has "endorsed this distinction." In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.

*Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also Standifer*, 653 F.3d at 1280 ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits … not through federal habeas proceedings."). Mr. Yahyaev's Petition challenges the conditions of confinement because, if COVID-19 disappeared tomorrow or he was provided a perfectly socially distanced cell, he would still be lawfully detained. *See Basri*, 2020 WL 5036063, at *3. A civil-rights action is the proper vehicle for this claim—not a habeas petition. For the reasons stated in *Basri*, the court lacks jurisdiction to address Mr. Yahyaev's Petition and thus dismisses it.

It is **ORDERED** that Mr. Yahyaev's Petition (Doc. 1) and Motion for an Order to Show Cause (Doc. 13) are **DENIED**. The clerk is directed to enter judgment in favor of Defendants and to close the case.

DATED: October 30, 2020     BY THE COURT:

Hon. Daniel D. Domenico